Filed 12/22/20

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>JASON BROOKS,<br><br>        Defendant and Appellant. | A158988<br><br>(Alameda County Super. Ct.<br>No. 160765A) |


Jason Brooks appeals the denial of a petition seeking recall of his sentence pursuant to Penal Code[1] section 1170.91. Brooks agreed to a stipulated term of years in a plea bargain 13 years ago, was sentenced accordingly, and recently sought recall of his sentence under section 1170.91, subdivision (b)(1), invoking an amendment to section 1170.91 enacted two years ago. He asks that we reverse the summary denial of his petition. We affirm.

## I. BACKGROUND

In 2007, Brooks was charged with 21 counts of robbery (§ 211), with most counts carrying an enhancement for personal use of a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)). He ultimately pled no contest to

---

[1] All undesignated statutory references are to the Penal Code.

1

three counts of second degree robbery (§§ 211, 212.5) together with the accompanying firearm use allegations (§ 12022.5), in exchange for a stipulated prison term of 19 years eight months. The People dismissed the remaining counts as a result of the plea, and the trial court imposed a sentence of the agreed-upon prison term. At the sentencing hearing, no testimony was taken or evidence introduced of his military service or substance abuse issues.

In 2019, acting in pro per, Brooks filed a petition to recall his sentence pursuant to section 1170.91, subdivision (b)(1). Brooks alleged that (1) he was a member of the United States military, (2) he developed a substance abuse problem as a result of such service, (3) he was sentenced before January 1, 2015, and (4) neither his military service nor his substance abuse was considered as mitigation during his sentencing hearing. The petition sought a resentencing hearing in which these newly recognized mitigating factors could be taken into account. Summarily denying relief on October 18, 2019, the court noted that Brooks's military service and his drug use were known to the sentencing court before his sentence was imposed, that Brooks never requested those facts be considered in mitigation, and that in any event there was no proof his drug use was caused by his military service. But the specific legal ground the court cited for summary dismissal was that, in his plea bargain, Brooks agreed to a stipulated term, and as a result, the court had no power to resentence him.

This timely appealed followed.

## II. DISCUSSION

At the threshold, the Attorney General argues Brooks's appeal should be dismissed for lack of a certificate of probable cause. We disagree. Brooks does not appeal his conviction. (See § 1237.5; Cal. Rules of Court, rule

2

8.304(b).)  Rather, he appeals the summary denial of his sentencing recall petition.  Because Brooks's petition is specifically authorized by statute, the strictures of section 1237.5 do not apply.  (See *People v. Ellis* (2019) 43 Cal.App.5th 925, 945; *People v. Hurlic* (2018) 25 Cal.App.5th 50, 57–58; cf. *People v. Stamps* (2020) 9 Cal.5th 685, 696 (*Stamps*) [certificate of probable cause not a condition precedent to appeal denial of recall petitions of nonfinal sentences under section 1385].)

Turning to the merits, Brooks contends (1) the trial court erred in summarily denying his section 1170.91 recall petition, (2) the error was prejudicial per se as a structural denial of due process and therefore calls for automatic reversal, (3) he is entitled to appointment of counsel on remand, and (4) his recall hearing should be reassigned to another judge.  We reject Brooks's first argument and resolve the appeal on that basis, and thus we have no occasion to reach issues (2) through (4).

## A. *Relevant Legal Background*
### a.  *Section 1170.91*

Under section 1170, subdivision (b), "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court."  (§ 1170, subd. (b).)  In 2014, the Legislature enacted former section 1170.91 [now identified as § 1170.91, subd. (a)] (Stats. 2014, ch. 163, § 2), which mandates consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion.  (See *People v. King* (2020) 52 Cal.App.5th 783, 786 (*King*); *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 238).

In 2018, the Legislature amended section 1170.91 to add a retroactivity clause and a procedure for resentencing.  (Stats. 2018, ch. 523, § 1; § 1170.91, subd. (b); *King, supra,* 52 Cal.App.5th at p. 788; *People v. Bonilla-Bray,*

3

*supra*, 49 Cal.App.5th at p. 238.)  Subdivision (b) allows a person currently serving a prison sentence for a felony conviction, "whether by trial or plea," to petition for a recall of his sentence provided he meets the following initial requirements:  (1) he is or was a member of the United States military, and (2) he "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of [such] military service . . . ."  (§ 1170.91, subd. (b).)

A section 1170.91, subdivision (b) petitioner must allege:  "(A) [t]he circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing," and "(B) [t]he person was sentenced prior to January 1, 2015."  (§ 1170.91, subd. (b).)  Provided that the petition so alleges, the sentencing judge or in his or her absence an assigned judge of the sentencing court "shall determine, at a public hearing" held upon proper notice, whether the petitioner satisfies the requisite criteria.  (*Ibid*.)  If those criteria are met, the petitioner may be resentenced, in the court's discretion, with trauma resulting from military service taken into account as a mitigating factor.  (*Ibid*.)

b.  *Other Comparable Sentencing Reform Schemes*

Brooks centers his argument in this appeal on the language in section 1170.91 clause, "whether by trial or plea," and, invoking that language, claims entitlement to relief under section 1170.91 because his conviction rests on a plea.  In support of this argument, he points to what he says are other comparable, recently enacted sentencing reform statutory schemes as analogous to the retroactivity clause and resentencing mechanism spelled out in section 1170.91.

4

The first such statutory scheme Brooks cites is the one enacted by Proposition 47. Passed in 2014, Proposition 47 (now codified at section 1170.18) reclassified certain nonviolent felonies as misdemeanors. (See *People v. Morales* (2016) 63 Cal.4th 399.) It allows a "person who, on November 5, 2014, was serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under [this act]" to petition the court for a recall of the sentence and to be resentenced as a misdemeanant. (§ 1170.18, subd. (a), italics added; see *Harris v. Superior Court* (2016) 1 Cal.5th 984, 989 (*Harris*).) Proposition 47 thus enables the categorical reclassification of certain felonies as misdemeanors, and its retroactive ameliorative effect extends to final convictions by plea agreement. (See *Harris*, at p. 988.)

The second sentencing reform scheme to which Brooks points, enacted in 2018 by Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393) (now codified at section 1385), gives sentencing courts discretionary authority to dismiss a serious felony enhancement in furtherance of justice. (See Stats. 2018, ch. 1013, §§ 1–2.) Section 1385 allows the court to either dismiss the enhancement altogether or "instead strike the additional punishment for that enhancement in the furtherance of justice . . . ." (§ 1385, subd. (b)(1).) Though section 1385 expands sentencing courts' discretionary authority, it does not contain a retroactivity provision. (§ 1385; cf. § 1170.18.)

**B. *Cases Under Proposition 47 and Senate Bill 1393***

Brooks urges us to apply the reasoning of cases decided under Proposition 47 and Senate Bill 1393, and, on the same rationale adopted in those cases, to construe section 1170.91, subdivision (b) in his favor here.

He first cites *Harris*, *supra*, 1 Cal.5th 984. The issue in *Harris* was whether in a Proposition 47 proceeding seeking recall of a sentence from a final conviction by stipulated plea, the People may reinstate the balance of

the complaint dismissed pursuant to the plea agreement. (*Harris, supra*, at p. 987.) As pertinent here, the Court held that despite defendant's conviction having come from a plea agreement specifying a stipulated term, defendant was still entitled to the benefit of Proposition 47 reclassifying his conviction from a felony to a misdemeanor. (*Harris*, at p. 991.)

Next, Brooks cites *Stamps*, *supra*, 9 Cal.5th 685, which holds that Senate Bill 1393 relief is not foreclosed in cases involving nonfinal guilty plea agreements with a stipulated sentence. There, defendant sought resentencing relief pursuant to section 1385 as amended by Senate Bill 1393, a statutory revision which was signed into law while his appeal was pending. (*Stamps,* at pp. 693–694.) The *Stamps* court reasoned that a resentencing court may not modify the terms of the plea agreement while otherwise leaving the agreement intact, but must instead exercise its discretion to reject the plea agreement altogether, thereby " ' "restor[ing] the parties to the status quo ante." ' " (*Id.* at pp. 706–707; *People v. Ellis, supra,* 43 Cal.App.5th at pp. 944, 946.)

## C. *Section 1170.91 Relief Is Unavailable to a Sentence Imposed Pursuant to a Plea Agreement to Stipulated Term of Years*

With the foregoing Proposition 47 and Senate Bill 1393 cases in mind, we see the dispositive issue in this appeal as whether the resentencing authority granted by section 1170.91, subdivision (b), which applies to sentences based on convictions suffered by "trial or plea" (§ 1170.91, subd. (b)(1)), extends to sentences based on final convictions by plea agreement specifying a stipulated imprisonment term. We hold it does not.

We decide statutory interpretation de novo (*People v. Prunty* (2015) 62 Cal.4th 59, 71), always taking as our starting point "the statutory language because the words of a statute are generally the most reliable indicator of legislative intent." (*In re C.H.* (2011) 53 Cal.4th 94, 100.) Absent

6

ambiguity, there is no need to go beyond the plain language of the statute at issue. (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508.) Under this cardinal principle of statutory construction, we see no need to delve beyond the text of section 1170.91 to resolve the issue presented here.

Brooks seeks recall of a sentence imposed based on his agreement to a specific term of years. He reads section 1170.91, subdivision (b) broadly, arguing that it contemplates relief for all plea types. (See § 1170.91, subd. (b).) Adopting the same stance as the trial court, the Attorney General counters that Brooks is precluded from any judicial exercise of section 1170.91 resentencing discretion because his plea agreement rests on a stipulated sentence. Thus, the Attorney General argues, "[t]here was no judicial sentencing discretion applicable to [Brooks then], and there is none available now" because any resentencing would unlawfully modify the terms of the plea agreement while otherwise leaving the agreement intact.

We think the Attorney General has the better of the argument. "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . *the court may not proceed as to the plea other than as specified in the plea*." (§ 1192.5, emphasis added.) When a court accepts a plea bargain, the court must impose a sentence within the limits of that bargain. (*People v. Segura* (2008) 44 Cal.4th 921, 931; see *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.) Thus, a court may not modify the terms of a plea agreement while otherwise leaving the agreement intact, "nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved." (*Segura, supra*, at pp. 931–932.) " ' "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' " (*Stamps, supra*, 9 Cal.5th at p. 701, quoting *People v.*

*Cunningham*, *supra*, 49 Cal.App.4th at p. 1047; accord *People v. Woods* (2017) 12 Cal.App.5th 623, 631 ["the court was required to withdraw its approval of the plea bargain in its entirety; it was not free to enforce some portions of it but not others"].) It follows that unless the Legislature intended otherwise, a retroactive resentencing statute incorporates long-standing law that "a court cannot unilaterally modify an agreed-upon term by striking portions of it . . . ." (*Stamps*, *supra*, 9 Cal.5th at p. 701.)

The premise of Brooks's argument—that there is triad sentencing discretion to exercise here—is incorrect. The plain language of section 1170.91 is clear that any resentencing relief shall occur through the mechanisms of the determinate sentencing triad. (See *King, supra*, 52 Cal.App.5th at p. 788; § 1170, subd. (b).) In this circumstance, any exercise of discretion reducing Brooks's sentence would necessarily modify the terms of his plea agreement while otherwise leaving the plea agreement intact. Nothing in the statute suggests an intent to overturn, sub silentio, long-standing plea-bargaining law binding courts to the agreements they approve.

The analogy Brooks would have us draw to *Stamps* and *Harris* is inapt, since those cases involved scenarios in which resentencing courts were asked to reject stipulated plea agreements categorically under retroactively conferred resentencing authority, thus eliminating the legal basis for the conviction under section 1170.18 (e.g., *Harris*) or providing new discretion to dismiss an enhancement under section 1385 (e.g., *Stamps*). When the Legislature makes an ameliorative change in the law that specifically contemplates the change will apply to all convictions, final or nonfinal, whether suffered by trial or plea, resentencing eligibility will follow, even for defendants whose convictions have been final for many years. But the

8

problem Brooks has is that section 1170.91 does not eliminate the legal basis for his conviction or grant the trial court unfettered discretion to reconsider an aspect of his sentence that would in turn affect his plea bargain. All it does is allow a court to take certain mitigating factors into account, and only insofar as the court is otherwise permitted to exercise discretion in the selection of a low, middle, or high term from within the applicable sentencing triad.

Our dissenting colleague takes us to task for identifying nothing in the legislative history of section 1170.91, subdivision (b) to support our reading of the statute. (Dis. opn., *post*, at p. 1.) The legislative history has no place in our analysis because the statutory language is unambiguous. According to the dissent, we are somehow assuming that, upon a remand for resentencing, "both the prosecution and the sentencing court would disregard the legislative mandate to reconsider the matter . . . in good faith and in accord with the obvious purpose of the ameliorative legislation." (Dis. opn., *post*, at p. 4.) But section 1170.91 grants the sentencing court no general authority to "reconsider the matter." Section 1170.91, in plain terms, specifies criteria that sentencing judges "shall consider" when exercising triad discretion, a particular kind of sentencing discretion that the sentencing judge in this case never had any occasion to employ. (§ 1170.91, subds. (a), (b).) The prosecutor's broad latitude in taking into account whatever mitigating factors the defense might wish to advocate in plea bargain negotiations is a different matter altogether. Nothing stopped Brooks in 2009 from claiming service-related drug addiction as a basis to persuade the prosecutor to offer a lower term of years. Indeed, it is because we agree public officials must discharge their duties in good faith that we have no doubt the prosecutor would have heard Brooks out had that been his pitch. More than a decade later, we do

9

not read section 1170.91, subdivision (b) as an open-ended directive to set plea negotiations at large so that he may, once again, have the opportunity to claim drug addiction in a renewed effort to negotiate a lower term.[2]

Focusing its analysis on the text of section 1170.91, subdivision (b), the court in *King*, *supra*, 52 Cal.App.5th 783, recently explained why someone in Brooks's position, who agreed to a specific term of years in his plea bargain, is ineligible for resentencing with enhanced mitigation under section 1170.91. In rejecting defendant King's argument there, the court said: "[B]ecause King entered into a plea, which included a stipulated sentence for a term of 30 years, even if the trial court granted relief under the petition by recalling King's sentence and holding a new sentencing hearing, it would be precluded from considering King's mental health and substance abuse problems in mitigation and imposing a lesser prison sentence when sentencing King. Instead, based on the plea agreement, which remains in force, the trial court would still be required to impose the stipulated sentence of 30 years in prison." (*King*, *supra*, at p. 791.)

---

[2] Underlying the analysis in the dissent is the assumption that a petitioner who is eligible for resentencing under section 1170.91, subdivision (b), is in the same position as a defendant where the sentencing court elected to recall a sentence under section 1170, subdivision (d). (Dis. opn., *post*, at pp. 2–3.) That assumption is incorrect. Section 1170, subdivision (d), applies only in narrow circumstances not present here: When the sentencing court, on its own motion, recalls the sentence within 120 days of the commitment, or "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced." (§ 1170, subd. (d)(1).) Because none of those situations is involved when a defendant petitions for resentencing under section 1170.91, subdivision (b), the reference in section 1170, subdivision (d) to resentencing the defendant as if he had not previously been sentenced is irrelevant.

The *King* court further explained: "Another way to understand the lack of relief available to King under section 1170.91, subdivision (b) is to focus on the language of the statute itself. A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of 'resentencing pursuant to subdivision (a).' (§ 1170.91, subd. (b)(1).) Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems '*when imposing a term under subdivision (b) of Section 1170.*' (§ 1170.91, subd. (a), italics added.) A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation. However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.' (§ 1170.91, subd. (a).) As a result, a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation." (*King*, *supra*, 52 Cal.App.5th at p. 791.)

Brooks stands in the same position defendant King did and his argument in this appeal fails for the same reasons. Contrast this with the situation of a defendant who is sentenced pursuant to an open plea (see *King*, *supra*, 52 Cal.App.5th at p. 790), or to a term up to the statutory maximum, allowing the court to select from within the sentencing triad as the basis of

the sentence or a component of it.  Having agreed to a specific number of years' imprisonment under a plea agreement which gave the court no room to exercise discretion in the selection of a low, middle or high term, Brooks offers no argument suggesting how that agreement may be vitiated consistent with section 1192.5 and the restrictions of the statute under which he here seeks relief.  Implicit in his argument is the premise, echoed by the dissent, that section 1170.91, subdivision (b) confers authority to reject an agreed term of years retroactively should the court, in its discretion, determine that some lesser term is warranted.  We discern no such grant of open-ended discretionary authority in the language of the statute.  To the contrary, we think the resentencing authority conferred by section 1170.91, subdivision (b) is inherently incompatible with the recognized finality of plea agreements to a specified term of years.

## III.  DISPOSITION

The summary denial of Brooks's petition is affirmed.

STREETER, J.

I CONCUR:

BROWN, J.

12

POLLAK, P. J., Dissenting.

I respectfully dissent.[1] Like the ameliorative provision enacted by Proposition 47 at issue in *Harris v. Superior Court* (2016) 1 Cal.5th 984, Penal Code[2] section 1170.91, subdivision (b) provides explicitly that it may be invoked by a person currently serving a felony prison sentence based on a conviction "whether by trial or plea." The majority in my view unjustifiably restricts the applicability of this provision to convictions based on plea agreements that do not specify a term of imprisonment—undoubtedly a common if not the most common form of plea bargain. Neither the majority here nor the court in *People v. King* (2020) 52 Cal.App.5th 783 (*King*) identifies anything in the legislative history supporting this restrictive interpretation of the statute.[3]

Both the majority here and the *King* court assume—incorrectly, in my view—that because section 1170.91 requires a court to consider service-induced trauma only when selecting a term from the applicable triad, and because the court imposed a term to which the parties had agreed, the court would have no discretion to impose a different term if it recalled defendant's sentence. As the court put it in *King*, "Based on the rule that the trial court is

---

[1] I agree with the majority that a certificate of probable cause is not required to bring this appeal before us.

[2] All statutory references are to the Penal Code.

[3] I agree with the majority that the statute is unambiguous, but it does not say what the majority implies. Section 1170.91, subdivision (b) states explicitly that a person serving a sentence for a felony conviction, whether by trial or plea, who is suffering from any of the specified military-induced conditions "*may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a)*" if that circumstance was not considered as a factor in mitigation at the time of sentencing. (Italics added.) The provision unambiguously authorizes a petition whether the defendant has been sentenced after trial or entry of a plea.

not permitted to diverge from the stipulated sentence agreed upon by the parties and approved, as a final matter, by the court ([*People v.*] *Stamps* [(2020)] 9 Cal.5th [685,] 701 [(*Stamps*)]), the trial court considering a petition for resentencing under section 1170.91, subdivision (b)(1), is simply unable to take into account any factors in mitigation to diverge from the stipulated sentence for a specific prison term agreed upon in the plea agreement." (*King, supra*, 52 Cal.App.5th at p. 793.) The majority here relies on the same rationale: "the resentencing authority conferred by section 1170.91, subdivision (b) is inherently incompatible with the recognized finality of plea agreements to a specified term of years." (Maj. opn., *ante*, at p. 12.)

This analysis rests on two fallacies. First it wrongly assumes that the prosecutor who agreed to the 19-year 8-month sentence, presumably based on the middle or upper term of the triad, necessarily would not agree after a recall of that sentence to a modification of the plea agreement if the factors specified in section 1170.91, subdivision (a) were not originally taken into account. There is no reason to assume that in such a case the prosecutor will inevitably fail to acknowledge that consideration of those factors justifies use of a lower triad term and agree to a shorter sentence.

More importantly, the analysis wrongly assumes that if the prosecution refuses to agree to use of a different triad term and a shorter sentence, the court would have no alternative but to reimpose the original sentence. However, it is not the case and *Stamps* does not hold that a trial court's approval of a plea agreement irrevocably fixes a defendant's sentence as "a final matter," as the court stated in *King, supra,* 52 Cal.App.5th at page 793. Subdivision (b)(1) of section 1170.91 provides for "a recall of sentence . . . to request resentencing pursuant to subdivision (a)." Subdivision (d) of section 1170 provides that when a court recalls a sentence, it may

2

"resentence the defendant in the same manner *as if they had not previously been sentenced.*" (Italics added.)[4] A recall of sentence thus restores the proceedings to the status that existed after the trial court approved the plea agreement but before it imposed sentence. At that point, although the trial court may not modify the plea agreement by unilaterally altering its terms, the court does retain the authority to withdraw its approval of the plea agreement—an authority that "has been described as 'near-plenary.' " (*Stamps, supra*, 9 Cal.5th at p. 708.) "The statutory scheme contemplates that a court may initially indicate its approval of an agreement at the time of the plea but that 'it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter . . . .' [Citation.] 'The code expressly reserves to the court the power to disapprove the plea agreement' *up until sentencing.*" (*Id.* at pp. 705–706, italics added, quoting § 1192.5.) " '[T]he court, upon sentencing, has broad discretion to withdraw its prior approval of a negotiated plea' " if new facts have come to light, if the court has become more fully informed about the case, or if it has concluded that the agreement is unfair or not in the best interests of society. (*Id.* at p. 706.)

Hence, affording defendant the remedy of "a recall of sentence . . . to request resentencing" (§ 1170.91, subd. (b)(1)) will not be an idle act even if the parties had previously agreed to and the court had approved a specified term of years. Because the trial court will resentence defendant as if he had not previously been sentenced, it will have the discretion to withdraw its

---

[4] Although, as the majority notes, the conditions that bring section 1170 into play are of course different from the conditions authorizing recall under section 1170.91, a recall of sentence is still a recall of sentence. In either case the defendant must be resentenced and there is no indication that the court's authority is any less in one situation than the other.

3

prior approval of the plea agreement if, upon considering the factors identified in section 1170.91, subdivision (a), it concludes that the sentence is no longer appropriate. The new statute requires that "the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service" be considered when selecting the appropriate triad term upon which to base a sentence; if the court did not consider those factors when it approved the parties' plea agreement, it cannot be assumed that their consideration will have no effect on the court's assessment of whether the agreed term is in the interest of justice and should be approved. The court may or may not adhere to its prior approval of the plea agreement.

Section 1170.91 was amended to require that retroactive consideration be given to military service induced trauma if not considered as a factor in mitigation when the parties previously entered and the court approved a plea agreement. The majority asserts that "[n]othing stopped Brooks in 2009 from claiming service-related drug addiction as a basis to persuade the prosecutor to offer a lower term of years." (Maj. opn., *ante*, at p. 9.) If such a factor was considered at that time, the new provision affords no relief. But the statute was expressly amended to permit reconsideration if the matter was not originally considered, whether or not the defendant could have raised the issue prior to January 1, 2015. (See § 1170.91, subd. (b)(1)(B).) There is no justification for assuming that in such a case both the prosecution and the sentencing court would disregard the legislative mandate to reconsider the matter in light of this additional circumstance. We must proceed on the assumption that these public officials will exercise their judgment in good faith and in accord with the obvious purpose of the ameliorative legislation. In some cases, these additional factors may well justify mitigation of the

4

defendant's sentence. Whether this is such a case should be determined by those officials in the exercise of their respective discretions. I therefore dissent.

POLLAK, P. J.

Trial Court:   Alameda County Superior Court

Trial Judge:   Hon. Morris D. Jacobson

Counsel:       Violet Elizabeth Grayson, by appointment of the Court of
               Appeal Under the First District Appellate Project's
               Independent Case System, for Defendant and Appellant.

               Xavier Becerra, Attorney General, Catherine A. Rivlin,
               Supervising Deputy Attorney General, Gregg E. Zywicke,
               Deputy Attorney General, for Plaintiff and Respondent.

A158988