Filed 7/17/25  In re Mendoza CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re JOSE DEPILAR MENDOZA on Habeas Corpus. | G064607 |
| | (Super. Ct. No. 07CF2659) |
| | O P I N I O N |

Original proceedings; petition for a writ of habeas corpus, after judgment of the Superior Court of Orange County. Petition granted in part and denied in part.

Kristen Owen, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman and Eric A. Swenson, Deputy Attorneys General, for Respondent.

Jose Depilar Mendoza seeks a writ of habeas corpus to remedy an alleged unauthorized sentence imposed after he pled guilty to two counts of attempted murder and related gang crimes. He contends the original sentencing court levied an unauthorized sentence on the relevant count by staying execution of the sentence pursuant to Penal Code section 654[1] without first imposing a term. We grant Mendoza's petition, in part, and remand the matter to the trial court with directions to take appropriate steps to correct the unauthorized sentence, but find Mendoza is not entitled to a full resentencing under the circumstances.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, based on crimes committed in 2006 when he was 14 years old, Mendoza pled guilty to two counts of attempted murder (§§ 187, subd. (a), 664; counts 1 and 2), one count of street terrorism (§ 186.22, subd. (a); count 3), and a gang member firearm charge (former § 12031, subd. (a)(1); count 4). He also admitted to gang and firearm enhancements (§§ 186.22, subd. (b)(1), 12022.53, subd. (c)).

The trial court sentenced him to a total determinate prison term of 29 years 8 months. For count 4, the minutes from the original sentencing hearing and the abstract of judgment indicate the court did not impose a term but stayed the sentence on that count pursuant to section 654. Mendoza did not appeal from the judgment.

In 2024, in the context of an appeal by Mendoza of a summary denial of his postjudgment petition for the recall of his sentence and resentencing pursuant to section 1170, subdivision (d), this court requested

---

[1] All further statutory references are to the Penal Code.

supplemental briefing regarding whether the sentence on count 4 is an unauthorized sentence.[2]

Thereafter, Mendoza filed the instant habeas corpus petition requesting this court vacate the entirety of his sentence due to the unauthorized nature of the sentence on count 4, and remand the matter to the trial court for "a full resentencing in accordance with existing laws" or, alternatively, "for a resentencing pursuant to amended section 654." Because the court reporter from the original sentencing hearing notified this court and the parties that a transcript of the hearing could not be produced because the reporter's notes "have been destroyed per Government Code [s]ection 69955," Mendoza relied on the minutes and abstract of judgment.

After considering the People's informal response to the petition and Mendoza's reply, this court ordered the People to show cause why the requested writ should not issue. Aside from the merits and procedural challenges, the order requested the parties address the scope of the remedy available if the matter were to be returned to the trial court for correction of the unauthorized sentence, as well as whether a defendant is entitled to a full resentencing when a part of an original sentence is later found to be unauthorized. The People responded to the order to show cause and Mendoza filed a traverse.

---

[2] In an unpublished opinion, we separately affirmed the denial of Mendoza's postjudgment petition for resentencing under section 1170, subdivision (d), concluding he was ineligible because he was not sentenced to life without the possibility of parole or the functional equivalent thereof. (*People v. Mendoza* (Dec. 18, 2024, G063389).)

DISCUSSION

Mendoza contends his sentence on count 4 is unauthorized and must be corrected because the original sentencing court stayed execution of the sentence pursuant to section 654 without first imposing a term. He urges us to remand the matter for a full resentencing. The People contend Mendoza is not entitled to such relief. We conclude the sentence on count 4 is unauthorized and must be corrected, but its correction does not necessitate a full resentencing or application of ameliorative changes in the law which took effect after his judgment became final.

I.

SECTION 654, GENERALLY

Section 654 dictates how "'[a]n act or omission that is punishable in different ways by different provisions of law shall be punished.'" The underlying principle is a defendant may not be subjected to multiple punishments for a single act or omission. (*People v. Duff* (2010) 50 Cal.4th 787, 795.) "Originally, some controversy existed regarding the appropriate procedure for sentencing courts to follow in carrying out the mandate of section 654." (*Ibid.*) The Supreme Court eventually resolved the uncertainty.[3] "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence." (*Duff,* at p. 796.) Failure to impose a sentence prior to

_____

[3] Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441) (Assembly Bill 518), effective January 1, 2022, amended section 654, subdivision (a) to provide the trial court with greater discretion in selecting a term of punishment for an act or omission which is punishable in different ways by different provisions of law. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).) The legislation did not impact how a court must pronounce sentence when the statute is implicated. (*Id.* at p. 380.)

the stay amounts to an unauthorized sentence which may be corrected at any time. (See *Mani, supra,* 74 Cal.App.5th at p. 380; *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327; *People v. Pelayo* (1999) 69 Cal.App.4th 115, 122.) A habeas corpus proceeding is a proper means for seeking relief concerning such error once a conviction is final. (See *In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*G.C.*).)

## II.

### PROCEDURAL BARS

The People first argue Mendoza's claim is barred because it is untimely and it fails to state a prima facie case for relief. We consider each argument in turn.

Generally, "[a] criminal defendant mounting a collateral attack on a final judgment of conviction must do so in a timely manner. 'It has long been required that a petitioner explain and justify any significant delay in seeking habeas corpus relief.'" (*In re Reno* (2012) 55 Cal.4th 428, 459.) Our Supreme Court has made clear that burden does not apply to a claim of "sentencing error amounting to an excess of jurisdiction." (*In re Harris* (1993) 5 Cal.4th 813, 842 (*Harris*).) The section 654 error claimed by Mendoza is precisely that type of error. (See *People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17 (*Scott*); *Duff, supra*, 50 Cal.4th at p. 796.)

Recognizing the claimed error in this case is one that exempts Mendoza from having to justify any significant delay in seeking habeas corpus relief, the People argue the doctrine of laches nevertheless bars Mendoza's claim. So the argument goes, the 13-year delay in bringing the petition has prejudiced the People's ability to respond because the trial court reporter's notes from the original sentencing hearing were destroyed and no

transcript of the sentencing hearing is otherwise available to confirm the court's oral pronouncement of sentence.

The People provide no legal authority for the proposition that the doctrine of laches may be applied in the habeas corpus context when the issue raised is imposition of an unauthorized sentence in excess of a court's jurisdiction. And, we find good reason for it not to apply. Laches and the timeliness requirement in the habeas corpus context are closely related concepts which serve similar purposes. They recognize significant delay will prejudice a responding party's ability to respond and retrial many years after a conviction may be difficult, and they further the interest in the finality of judgments. (*In re Douglas* (2011) 200 Cal.App.4th 236, 246.) Because the Supreme Court has declared the habeas corpus timeliness requirement does not apply to an assertion of sentencing error amounting to an excess of jurisdiction, the doctrine of laches likewise should not.

Equally unavailing is the People's assertion that Mendoza is unable to establish the judgment is void on its face because the claimed error is not apparent from an inspection of the judgment roll. Implicit in the argument are assumptions about the contents of the judgment roll and the proper means of demonstrating the invalidity of an unauthorized sentence. We need not address the former because the assumption regarding the latter is misplaced.

Although "a sentence is void on its face only if 'its invalidity is apparent from an inspection of the judgment roll[,]' . . . [a]n unauthorized sentence is not so limited. A court may go beyond the judgment roll to determine whether a sentence is unauthorized, such as when determining whether a sentence is unauthorized because it violates section 654." (*People v. Roth* (2017) 17 Cal.App.5th 694, 705, fn. 2.) Thus, "a sentence may be

6

unauthorized even if does not meet the narrow definition of a judgment void on its face." (*Ibid.*) Mendoza's reliance on the minutes of his original sentencing hearing and the abstract of judgment, under circumstances in which a transcript of the proceedings is not available because they have been destroyed in accordance with the law, is sufficient to state a prima facie case for relief from the claimed section 654 error.

III.

ERROR AND SCOPE OF REMEDY

The only two available documents memorializing the original pronouncement of sentence—the minutes and the abstract of judgment—indicate the sentence on count 4 was stayed pursuant to section 654 without imposition of a term for that count. This undoubtedly amounts to an unauthorized sentence, and the People concede as much. (*Duff, supra*, 50 Cal.4th at p. 796; *Mani, supra,* 74 Cal.App.5th at p. 380.)

Nevertheless, the People contend Mendoza's petition should be denied because the claimed error is not of sufficient magnitude to warrant habeas corpus relief. We are not persuaded. "'Habeas corpus is available in cases where the court has acted in excess of its jurisdiction. [Citations.] For purposes of [the writ of habeas corpus], the term "jurisdiction" is not limited to its fundamental meaning, and in such proceedings judicial acts may be restrained or annulled if determined to be in excess of the court's powers as defined by constitutional provision, statute, or rules developed by courts.'" (*Harris, supra*, 5 Cal.4th at p. 838–839.)

An unauthorized sentence, such as the one in this case, is one that "'could not lawfully be imposed under any circumstance in the particular case.'" (*G.C., supra*, 8 Cal.5th at p. 1130, citing *Scott, supra*, 9 Cal.4th at p. 354.) Being so, it is of sufficient magnitude to warrant habeas relief even if,

7

as the People contend, Mendoza's aggregate sentence would not have been increased had the original sentencing court imposed a term prior to imposing a stay under section 654. (C.f. *G.C.*, at p. 1130 ["unauthorized sentence "'do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal*'"]; *People v. King* (2022) 77 Cal.App.5th 629, 641, fn. omitted [defendant incarcerated under unauthorized sentence "should not have difficulty in meeting the requirements for habeas corpus relief"].)

The final question concerns the appropriate remedy. Mendoza argues he is entitled to have his entire sentence vacated and the matter remanded for a full resentencing. The People contend such relief is not required under the circumstances and advocate for a more limited remedy. We agree that correction of the section 654 error in this case does not trigger a full resentencing.

Courts often recognize that "a criminal sentence is, like an atom, indivisible: '[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.'" (*People v. Walker* (2021) 67 Cal.App.5th 198, 206.) Thus, "[o]rdinarily, '[w]hen a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices.'" (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1156.)

However, not every appellate court remand that requires the trial court to exercise or re-exercise sentencing discretion necessarily requires a full resentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 34.) Mendoza's sentence was the product of a plea bargain in which he agreed to be

8

sentenced to an aggregate prison term of 29 years, 8 months. His plea indicated the sentence on count 4 would not be accounted for in that aggregate term but instead stayed pursuant to section 654. Under these circumstances, although correction of the section 654 error will require the trial court to exercise discretion in choosing from the available sentencing triad for count 4, that discretionary action may be made without impacting or implicating any other aspect of Mendoza's sentence. (See *People v. Woods* (2017) 12 Cal.App.5th 623, 630 ["'Both the accused and the People are entitled to the benefit of the plea bargain'"].) This situation is distinguishable from one in which there are multiple discretionary aspects of a sentencing decision and a choice as to one aspect may lead a court to reconsider its choice regarding another aspect. (See, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Codinha* (2023) 92 Cal.App.5th 976, 994–995.)

For similar reasons, Mendoza is not entitled to the benefits of amendments made to section 654 by Assembly Bill 518, which took effect in January 2022. At the time of Mendoza's original sentencing, section 654 "required an act or omission punishable in different ways by different laws to be punished under the law that provided for the longest potential term of imprisonment. Assembly Bill 518 amended . . . section 654 to afford sentencing courts the discretion to punish the act or omission under either provision." (*Mani, supra,* 74 Cal.App.5th at p. 351.) But, Mendoza's judgment became final before Assembly Bill 518 was enacted. And, the grant of the order to show cause in this case was limited to review of whether the sentence on count 4 was unauthorized because of the trial court's failure to impose a term before staying the sentence on that count pursuant to section 654. Being so limited, it does not render applicable all ameliorative laws which took effect after Mendoza's judgment became final. (See *People v.*

9

*Esquivas* (2024) 103 Cal.App.5th 969, 976–977, review granted Oct. 2, 2024, S286371.)

## DISPOSITION

The petition for writ of habeas corpus is granted, the matter is remanded, and the trial court is directed to take appropriate steps to correct the unauthorized sentence on count 4 only.


DELANEY, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.