Filed 5/16/17; pub. order 6/7/17 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D070477 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. SCE351815) |
| MARSHA MARY WOODS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel Goldstein, Judge. Reversed, with directions.

Bonnie M. Dumanis, District Attorney, James E. Atkins and Brooke E. Tafreshi, Deputy District Attorneys, for Plaintiff and Appellant.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Respondent.

Defendant Marsha Mary Woods was on probation for two prior offenses when she was arrested and charged with five theft- and drug-related offenses. Under a plea agreement, she agreed to plead guilty to one count of attempted burglary and admit one strike prior, and to serve concurrent sentences of 16 months on the current offense and

seven years on each of the probation cases. In exchange, the prosecution agreed to dismiss the remaining charges and allegations. The trial court accepted the plea. At sentencing, however, after expressing frustration at the parties' disagreement over the proper calculation of custody credits, the trial court sentenced defendant to 16 months for the current offense and terminated probation on her earlier cases, reasoning the stipulated seven-year sentences on the probation cases were "just about eaten up by credits."

The People appeal, contending the sentence imposed by the trial court is not within the bounds of the parties' plea agreement. Defendant maintains the People forfeited this challenge by failing to assert it below. Alternatively, she argues she has earned enough custody credits to satisfy the seven-year sentences and, thus, either the People have suffered no prejudice, or their request for relief is moot. We agree that the sentence imposed by the trial court is not within the bounds of the parties' plea agreement. We reject defendant's contentions as to forfeiture, prejudice, and mootness. Accordingly, we reverse the judgment and remand for further proceedings as directed below.

FACTUAL AND PROCEDURAL SUMMARY

*Probation Cases*

In 2012, defendant pleaded guilty in case SCE314699 (Case 699) to vandalism over $400, and she admitted having one prison prior and one strike prior. She was granted five years' formal probation.

2

In 2013, a jury convicted defendant in case SCE323042 (Case 042)[1] of residential burglary, grand theft, and petty theft. The jury also found true an out-on-bail enhancement and prison- and strike-prior allegations. She was again granted five years' formal probation.

*Current Offenses*

In 2015, while still on probation in the Probation Cases, defendant was arrested for allegedly stealing approximately $1,850 worth of tools from a residential yard. When police searched defendant, they found in her purse a glass smoking pipe and a plastic baggie containing methamphetamine.

The People charged defendant with five offenses: burglary, grand theft of personal property, receiving stolen property, possession of a controlled substance, and possession of paraphernalia used for narcotics. The People also alleged numerous prison and strike priors.

*Plea Bargain*

Defendant and the prosecution reached a plea bargain. Defendant agreed to (1) plead guilty to one count of attempted burglary; (2) admit one strike prior; (3) admit violating probation in the Probation Cases; and (4) serve concurrent sentences of 16 months on the current offense (the lower term doubled) and seven years for each of her probation violations in the Probation Cases. In exchange, the prosecution agreed to dismiss the remaining charges and allegations.

---

1    We will refer to Case 699 and Case 042 collectively as the Probation Cases.

3

The trial court found defendant was "making knowing, voluntary, and intelligent waivers, understanding the nature and consequences of the plea." The court accepted defendant's guilty plea, granted the prosecutor's motion to dismiss the remaining charges and allegations, and referred the matter to the probation department for a presentence report.

*Sentencing*

The probation department submitted two presentence reports: an initial report and a supplemental report. The reports were consistent on the calculation of the actual days defendant served in custody in connection with the Probation Cases and the current offense. They differed, however, on the number of additional custody credits to which defendant was entitled. The initial report proposed 15 percent custody credits under Penal Code[2] section 2933.1 because one of defendant's priors was allegedly a violent felony. Defendant objected to this calculation at the initial sentencing hearing and asked that the probation department recalculate the custody credits granting full credit under section 4019. The trial court continued the sentencing hearing.

The probation department's supplemental report recalculated defendant's custody credits granting full credit under section 4019 as follows:

> Current Offense
> June 30, 2015 to July 1, 2015                   2 days
> July 24, 2015 to March 22, 2016               243 days
>     Actual days:                            245 days
>     Credits:                                  244 days
>     Total credits:                          489 days

---

2       All subsequent statutory references are to the Penal Code.

4

Case 699

| | |
|---|---|
| September 20, 2011 to March 28, 2012 | 191 days |
| August 15, 2012 to October 22, 2013 | 434 days |
| July 24, 2015 to March 22, 2016 | 243 days |
|     Actual days: | 868 days |
|     Credits: | 868 days |
|     Total credits: | 1,736 days |

Case 042

| | |
|---|---|
| August 10, 2012 to October 22, 2013 | 439 days |
| July 24, 2015 to March 22, 2016 | 243 days |
|     Actual days: | 682 days |
|     Credits: | 682 days |
|     Total credits: | 1,364 days |

At the continued sentencing hearing, defendant and the prosecution continued to disagree about whether defendant was entitled to full credit under section 4019 or limited to partial credit under section 2933.1. The trial court expressed frustration over the differing calculations:

> "The calculations have been a disaster in that every time they've been—we've recalculated it three times now, and every time it's a different answer, okay? [¶] . . . [¶] But why don't I just sentence her on the new case and terminate probation on everything else? That's seven years that exists there that's just about eaten up by credits, and I have a problem with the way we've been calculating credits on it, that it has been hit or miss. And so it creates a situation where the defense lawyer in a case like this can't adequately advise his client of what the credits are because it becomes a moving target . . . ."

Defendant and the prosecution submitted. The court then sentenced defendant: "So what I'm going to do on [the Probation Cases], [is] credit for time served. Probation is terminated. [¶] On [the current case], it's a stip[ulated] 16 [months]. That's the low term of eight months. It's doubled [due to a strike prior]." The court determined defendant had served 245 days in actual custody on the current offense, with 244 days of credit under section 4019, for a total of 489 days.

5

The prosecutor disagreed with the sentence: "Your honor, I'd just like to note for the record, I understand why the Court is doing what [it's] doing. I do believe she should be getting the seven years." The trial court replied: "Tell me how much credit she has?" The prosecutor responded: "Your Honor, again, that's not in the [district attorney]'s purview to do. I believe she's supposed to serve 80 percent of this, and if the Court is to strike both of those,[3] then she should get [the] upper term based on her record, not a lower term." The court did not change defendant's sentence.

The abstract of judgment reflects the court's calculation of defendant's custody credits for the current offense, but not the Probation Cases.

DISCUSSION

I. *Forfeiture*

Defendant contends the People have forfeited their right to argue that the trial court departed from the plea bargain because the prosecutor did not object on that basis below. We are not persuaded. After the trial court terminated probation in the Probation Cases, the prosecutor stated: "I do believe she should be getting the seven years." This was obviously a reference to the provision of the plea bargain that required seven-year sentences on the Probation Cases. This was sufficient to preserve the People's challenge for appeal.

II. *Prejudice/Mootness*

Defendant next contends that either the People have suffered no prejudice, or their claim for relief is moot, because defendant has already served the stipulated seven-year

---

3    The prosecutor's reference to "both of those" presumably refers to the Probation Cases.

6

(or 2,555-day) sentences.  She bases this conclusion on the assertion that the probation department's "most current calculation showed that she had custody credit for 3,100 total days (eight and one-half years) in [the Probation Cases] at the time she was sentenced."[4] Defendant reaches the sum of 3,100 days by adding 1,736 days[5] in Case 699 and 1,364 days[6] in Case 042.  However, as we will explain, this approach is fundamentally flawed because it improperly double-counts each probation case's custody credits in the other probation case.  A sentence-by-sentence analysis shows why this approach is erroneous.

The plea bargain requires defendant to serve 2,555 days (seven years x 365 days) in Case 699.  The probation department's supplemental report credits her with 868 actual days and 868 days of section 4019 credits, for a total of 1,736 days.  This leaves 819 days remaining on her sentence in Case 699.

Similarly, the plea bargain requires defendant to serve 2,555 days in Case 042. The probation department's supplemental report credits her with 682 actual days and 682

---

4    Defendant relies on the calculation in the probation department's supplemental presentence report, which we summarize above.  It is the sentencing court's duty to calculate a defendant's presentence custody credits and to record them in the abstract of judgment.  (§ 2900.5, subd. (d).)  The trial court did not calculate and record defendant's custody credits with respect to the Probation Cases.  Therefore, for illustrative purposes only, we will use the calculation contained in the probation department's supplemental presentence report.  However, because the issue is not properly presented in this appeal, we express no opinion on whether defendant is entitled to custody credits under section 4019, section 2933.1, or some other provision.

5    Adding 868 actual days to 868 days of section 4019 credits totals 1,736 total days.

6    Adding 682 actual days to 682 days of section 4019 credits totals 1,364 total days.

7

days of section 4019 credits, for a total of 1,364. This leaves 1,191 days remaining on her sentence in Case 042.

This examination of defendant's actual and earned custody credits on a sentence-by-sentence basis shows she has not served seven years in either of the Probation Cases.

Defendant's calculation of custody credits exceeds seven years only because she improperly adds her custody credits from each probation case to the other. This double-counting error is compounded by the substantial overlap of the actual days defendant served in custody in the Probation Cases. That is, all but five of the 682 days that defendant actually served in custody in Case 042 are subsumed within the 868 days she actually served in custody in Case 699.[7] Defendant's creative accounting would improperly give her *two* days of actual custody credit for every *one* overlapping day she actually served. Defendant's calculation further compounds this error by then basing her section 4019 credits on the already-improperly-doubled actual-day calculation.[8]

Because defendant's prejudice and mootness arguments are premised on a fundamentally flawed calculation, the arguments fail.

---

[7] The five-day discrepancy results from the slight difference between the credited custody period of August *10*, 2012 to October 22, 2013 (439 days) served in Case 042 and the credited custody period of August *15*, 2012 to October 22, 2013 (434 days) served in Case 699.

[8] A simple hypothetical shows the absurdity of defendant's calculation. By defendant's reasoning, a hypothetical defendant serving 10 concurrent 20-year sentences will have earned 20 years of custody credits after serving only one year in actual custody. That is, the hypothetical defendant would receive one year of actual custody credit for each of her 10 concurrent sentences, totaling 10 years of actual custody credit. She would then receive an additional 10 years in section 4019 credits. Thus, after having served only one year in actual custody, the hypothetical defendant would have earned 20 years in total custody credits, thereby satisfying all 10 of her 20-year sentences.

III.  *Plea Bargain*

Turning to the merits of the People's appeal, we conclude the trial court erred by sentencing defendant outside the bounds of the parties' plea bargain.

A.  *Relevant Legal Principles*

Plea bargains are "an accepted and 'integral component of the criminal justice system and essential to the expeditious and fair administration of our courts.' " (*People v. Segura* (2008) 44 Cal.4th 921, 929 (*Segura*).)  "A plea bargain is a contract between the accused and the prosecutor." (*In re Ricardo C.* (2013) 220 Cal.App.4th 688, 698; *People v. Vargas* (2001) 91 Cal.App.4th 506, 533.)  "Both these parties are bound to the terms of the agreement; when the court approves the bargain, it also agrees to be bound by its terms." (*In re Ricardo C.*, at p. 698; *People v. Armendariz* (1993) 16 Cal.App.4th 906, 911.)  "Both the accused and the People are entitled to the benefit of the plea bargain." (*In re Ricardo C.*, at p. 698; *People v. Panizzon* (1996) 13 Cal.4th 68, 80.)  " 'When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made.' " (*In re Ricardo C.*, at p. 698; *People v. Collins* (1978) 21 Cal.3d 208, 214.)  Available relief includes a remand to allow withdrawal of the plea agreement; specific performance of the agreement as made; or "substantial specific performance." (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1362.)

"Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.' " (*Segura, supra*, 44 Cal.4th at p. 931.)  Yet, courts have broad

9

discretion to withdraw their approval of negotiated pleas. (*In re Ricardo C., supra*, 220 Cal.App.4th at p. 699.) " 'Such withdrawal is permitted, for example, in those instances where the court becomes more fully informed about the case [citation], or where, after further consideration, the court concludes that the bargain is not in the best interests of society.' " (*Ibid*.) However, once a court withdraws its approval of a plea bargain, the court cannot "proceed to apply and enforce certain parts of the plea bargain, while ignoring" others. (*Ibid*.) Instead, the court must restore the parties to the status quo *ante*. (*Ibid*.; *Segura*, at p. 931 [" 'Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.' "].)

In reviewing a challenge involving a plea bargain, we apply the standards of review applicable to contracts, generally. (*Segura, supra*, 44 Cal.4th at p. 930.) " '[T]he "interpretation of a contract is subject to de novo review where the interpretation does not turn on the credibility of extrinsic evidence." ' " (*In re Ricardo C., supra*, 220 Cal.App.4th at p. 696.)

### B. *Analysis*

The sentence imposed by the trial court exceeded the bounds of the parties' plea bargain. The parties stipulated that defendant would receive concurrent sentences of 16 months on the current offense and seven years on each of the Probation Cases. The trial court imposed the 16-month sentence, but "terminated" probation in the Probation Cases instead of imposing the stipulated seven-year concurrent sentences. This was a clear departure from the plea bargain.

10

The trial court's stated rationale for its selected sentence—that the seven-year sentences were "just about eaten up by credits"—does not warrant the court's departure from the parties' plea bargain. First, it is factually inaccurate, as shown by our illustrative sentence-by-sentence calculation above.[9] Indeed, the court's own wording—"just about"—indicates defendant's credits had not *entirely* satisfied the stipulated seven-year sentences. Second, as indicated by the trial court's reference to the *approximate* amount of defendant's custody credits, the trial court did not formally calculate defendant's custody credits and record them in the abstract of judgment as required by section 2900.5, subdivision (d). Absent a proper determination that defendant had earned seven years of custody credits, a sentence imposing less than that on the Probation Cases departed from the parties' plea bargain.

To be sure, the trial court retained its discretionary authority to sentence defendant differently than the parties had agreed. (*In re Ricardo C., supra*, 220 Cal.App.4th at p. 699.) But once it chose to do so, the court was required to withdraw its approval of the plea bargain in its entirety; it was not free to enforce some portions of it but not others. (*Ibid.*) By doing the latter, the trial court improperly allowed defendant to receive her benefit of the plea bargain—and deprived the People of theirs.

## DISPOSITION

The judgment is reversed. On remand, the trial court is directed to either (1) sentence defendant in accordance with the parties' plea bargain, which will require the

---

[9] Although revealed by a detailed review of the probation department's presentence reports, it does not appear from the appellate record that either party apprised the trial court of the substantial overlap of dates on which the calculation of defendant's actual custody credits was based.

trial court to calculate and record on the abstract of judgment the custody credits to which defendant is entitled in connection with the Probation Cases;[10] or (2) withdraw its approval of the plea bargain and restore the parties to the status quo *ante*, which includes allowing the People to reinstate the dismissed charges and allegations.

HALLER, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

---

[10] This will require the trial court to determine in the first instance the relevant provisions under which defendant's custody credits are to be calculated.

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARSHA MARY WOODS,<br><br>    Defendant and Respondent. | D070477<br><br><br>(Super. Ct. No. SCE351815)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion in this case filed May 16, 2017, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

---

MCCONNELL, P. J.

Copies to: All parties