Filed 11/10/21  P. v. Lee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>MISTER LEE,<br><br>      Defendant and Appellant. | C091520<br><br>(Super. Ct. No. STK-CR-FECOD-2019-0007198) |

Defendant Mister Lee pleaded no contest to pimping (Pen. Code, § 266h, subd. (a))[1] and being a felon in possession of a firearm (§ 29800, subd. (a)(1)).  Defendant also admitted an enhancement for having been convicted of a felony for the benefit of a street gang (§ 186.22, subd. (b)(1)(A)).  In sentencing, the trial court imposed and stayed the

---

[1]  Further undesignated statutory references are to the Penal Code.

1

gang enhancement. Defendant appeals on the basis that such action was improper because the law required the trial court to either impose or strike the gang enhancement. Defendant argues we should strike the enhancement in accordance with the terms of the plea. The People agree the enhancement must be imposed or stricken but contend we must remand this matter to the trial court to exercise its discretion to impose or strike the gang enhancement. We conclude the trial court did exercise its discretion. Accordingly, we shall strike the punishment for the gang enhancement.

BACKGROUND

The underlying facts of defendant's crimes are not relevant to this appeal. Defendant pleaded no contest to pimping and being a felon in possession of a firearm. Defendant also admitted the gang enhancement. During discussion of the terms of the plea, the trial court repeatedly reassured defendant he would only be sentenced to a total of four years four months.[2] Specifically: "You're agreeing to four years four months. You will not get anything more than four years four months." With regard to the gang enhancement, the trial court stated: "[I]f you enter this plea today when we come back for sentencing I'm going to impose a term on the gang enhancement and I'm gonna strike it, which means that you don't serve that term." Further, when defendant asked whether the enhancement would cause him to have something "hanging over [his] head" the trial court responded: "No, what it does is this: I'm going to impose a certain time, it's two, three or four years, and then I'm gonna strike the punishment."

The trial court sentenced defendant to the upper term of three years on the charge of being a felon in possession of a firearm. Defendant received one year and four months

---

[2] The record does not include any document memorializing the specific terms of the plea agreement. We rely on the oral pronouncements made by the trial court in determining the plea agreement's parameters.

on the charge of pimping. With regard to the gang enhancement, the trial court imposed and stayed a term of three years.

## DISCUSSION

Defendant appeals his sentence on the basis that the trial court did not have the authority to impose and stay time for the gang enhancement. Defendant asserts that pursuant to the terms of the plea agreement, the gang enhancement, while admitted as true, had to be stricken so as not to violate the stipulated sentence of four years four months. The People agree it was improper for the trial court to impose and stay time on the gang enhancement but argue the case should be remanded for resentencing to allow the trial court to exercise or decline to exercise its authority to strike the gang enhancement.

Pursuant to section 186.22, subdivision (b)(1)(A), a person convicted of a felony committed for the benefit of a criminal street gang *shall*, upon conviction, be punished by "an additional term of two, three, or four years at the court's discretion." However, subdivision (g) allows the trial court to strike the punishment, in "an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition." A trial court does not, however, have the authority to impose and stay a sentence on the gang enhancement. (*People v. Vega* (2013) 214 Cal.App.4th 1387, 1396-1397.) The gang enhancement is mandatory, subject only to the subdivision (g) discretion to strike. (*Vega,* at pp. 1396-1397.)

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. (*People v. Shelton* (2006) 37 Cal.4th 759, 767, citing Civ. Code, § 1635 et seq.) Acceptance of the agreement binds the court and the parties to the agreement. (See, e.g., *People v. Armendariz* (1993) 16 Cal.App.4th 906, 910-911; *People v. Woodard* (1982) 131 Cal.App.3d 107.)" (*People v. Segura* (2008) 44 Cal.4th 921, 930.) Defendant was reassured by the trial court that he would receive a

3

sentence of four years four months and nothing more.  Striking the punishment on the enhancement was a material term of the negotiated plea, and upon accepting the negotiated plea the trial court could not sentence defendant otherwise.  (*People v. Martin* (2010) 51 Cal.4th 75, 80.)  The only way to comply with these terms is to strike the gang enhancement.  Accordingly, the trial court already *has* exercised its discretion by accepting the plea agreement and reassuring defendant he would face no more than four years four months.

While the trial court did not overtly place its findings on the record that striking the punishment on the enhancement was in the interests of justice, we infer " 'all findings necessary to support the judgment, and our review is limited to whether there is substantial evidence in the record to support these implied findings.' " (*People v. Francis* (2002) 98 Cal.App.4th 873, 878.)  "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness."  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  "Error is never presumed and appellant has the burden to show error."  (*People v. Nitschmann* (1995) 35 Cal.App.4th 677, 684.)  We infer that by accepting the plea agreement and reassuring defendant he would only receive four years four months, the trial court found striking the punishment on the enhancement was in the interests of justice as required by section 186.22, subdivision (g).

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment by striking the punishment for the gang enhancement, and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


          /s/
          HOCH, J.


We concur:


 /s/
MURRAY, Acting P. J.


 /s/
KRAUSE, J.


5