Filed 2/9/24  In re D.P. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.P.,<br><br>        Defendant and Appellant. | A167604<br><br>(Contra Costa County<br>    Super. Ct. No. J21-00270) |

**MEMORANDUM OPINION[1]**

The Contra Costa County District Attorney filed a Welfare and Institutions Code section 602 wardship petition alleging D.P. (minor) committed one count of false imprisonment by violence (Pen. Code, §§ 236, 237, subd. (a)—count 1), one count of making criminal threats (*id.*, § 422—count 2), and one count of assault by force likely to produce great bodily injury (*id.*, § 245, subd. (a)(4)—count 3).  The petition also alleged a firearm enhancement as to each count.  (*Id.*, §§ 12022.5, subd. (a)(1), 12022, subd. (a)(1).)

---

        [1]  This appeal is appropriately resolved by Memorandum Opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

Pursuant to a negotiated disposition, minor pleaded no contest to false imprisonment by violence (count 1) and assault by force likely to produce great bodily injury (count 3). He additionally admitted a personal firearm use enhancement as to count 1. The negotiated disposition specified that upon successful termination of probation, count 1, as well as the attached enhancement, would be dismissed nunc pro tunc. After the minor successfully completed probation, the juvenile court granted the prosecution's motion to dismiss the firearm enhancement. Minor's sole issue on appeal is that the dismissal should have been as to count 1 in its entirety. The Attorney General agrees and concedes error.[2]

"Plea bargains are 'an accepted and "integral component of the criminal justice system and essential to the expeditious and fair administration of our courts." ' (*People v. Segura* (2008) 44 Cal.4th 921, 929. . . .) Plea bargaining is a common feature in juvenile delinquency proceedings, just as it is in criminal proceedings in adult court. Similar principles apply in both settings. (See, e.g., *In re Kenneth H.* (2000) 80 Cal.App.4th 143, 148 . . . [' "It is well settled that a plea bargain is a tripartite agreement which requires the consent of the defendant, the People and the court." ']; *In re Jermaine B.* (1999) 69 Cal.App.4th 634, 639 . . . [' "Plea bargaining is an accepted practice in our criminal justice system." '].)

"A plea bargain is a contract between the accused and the prosecutor. (*People v. Vargas* (2001) 91 Cal.App.4th 506, 533. . . .) Both these parties are bound to the terms of the agreement; when the court approves the bargain, it also agrees to be bound by its terms. (*People v. Armendariz* (1993)

---

[2] That the prosecutor's motion was limited to dismissal of the count 1 enhancement appears to have been inadvertent. Minor's counsel's failure to point out that the motion should have been as to count 1 in its entirety, likewise, appears to have been an unintentional oversight.

16 Cal.App.4th 906, 911. . . .)" (*In re Ricardo C.* (2013) 220 Cal.App.4th 688, 698.)

Here, the agreement between the minor and the prosecution was set forth at the disposition hearing and memorialized in the court minutes. In pertinent part it was agreed that upon the minor's successful completion of probation, the People would move to "dismiss Count 1 in its entirety, nunc pro tunc." It is clear the prosecutor, defense counsel, and minor understood this to mean as a result of the minor's pleading no contest to counts 1 and 3, admitting the personal use firearm enhancement as to count 1, and successful completion of probation, count 1 would be dismissed in its entirety. In short, the dismissal of count 1 was a mutually binding component of the negotiated agreement.

Further, the record shows the district attorney agreed to the disposition, the minor admitted to the allegations in the petition, the juvenile court accepted the agreement and ordered the agreed-upon disposition, and the minor successfully completed probation. Thus, all conditions having been fulfilled, the minor was entitled to the benefit of his plea agreement.

That the parties inadvertently neglected to ask that count 1 be dismissed in its entirety does not, as the Attorney General acknowledges, deprive minor of the benefit of his plea deal. (See *In re Greg F.* (2012) 55 Cal.4th 393, 415 [minor has a "constitutional right to the benefit of his completed plea bargain"]; *V.C. v. Superior Court* (2009) 173 Cal.App.4th 1455, 1465–1466 [same], disapproved on other grounds as stated in *Greg F.*, at p. 415; *People v. Mancheno* (1982) 32 Cal.3d 855, 864 ["there can be no waiver of a constitutional right absent 'an intentional relinquishment or abandonment of a known right or privilege.' [Citation.] No less should a court presume from mere silence that [a] defendant is waiving

3

implementation of the consideration that induced him to waive his constitutional rights."].)

**DISPOSITION**

The juvenile court's order vacating wardship is reversed to allow the trial court to dismiss count 1 in its entirety. In all other respects, the order is affirmed.

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Langhorne Wilson, J.

A167604, People v. D.P.