Filed 11/27/24  P. v. Norton CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLINTON LEWIS NORTON,<br><br>    Defendant and Appellant. | A170410<br><br>(San Mateo County<br>Super. Ct. No. 22NF006365A) |

Defendant Clinton Lewis Norton pled no contest to one felony count and admitted a prior strike allegation in exchange for dismissal of other counts, a referral to Veteran's Court,[1] and a sentence of "32-month top" in prison.  The trial court subsequently sentenced him to 32 months in state prison.  He contends on appeal that a remand for resentencing is required because the record affirmatively demonstrates that the court believed it had no discretion to dismiss his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  We agree that remand for resentencing is warranted on the record before us.

_____

[1] Under Penal Code section 1170.9, trial courts have discretion to order alternative commitment for eligible military veterans convicted of felonies. Among other requirements, the defendant must be eligible for probation. (Pen. Code, § 1170.9, subd. (b)(1).)

# I. BACKGROUND

In June 2022, a felony information was filed charging Norton with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) and receiving a stolen motor vehicle (Pen. Code,[2] § 496d, subd. (a)). The information alleged as to both counts a prior auto theft conviction (§ 666.5) and a prior serious or violent felony conviction from 2004 (§§ 667, 1170.12, subds. (b), (c)(1)).

In September 2023, the parties notified the trial court that they had reached a plea agreement. They executed a "Declaration Concerning a Plea" recording the terms of the agreement. The declaration stated Norton's desire to plead no contest to the receiving a stolen motor vehicle count (§ 496d, subd. (a)) and admit the prior strike offense (§ 1170.12, subd. (c)(1)) in exchange for "32 mo top refer to Veteran's Court [and] dismiss all other cases w/H/W."

At the plea hearing, the trial court asked whether "[t]his [was] going to be a 32-month top," to which defense counsel responded, "Yes, and referral to veterans court." After the court recited the usual consequences of the plea, it asked Norton if he was promised "anything other than this is going to be referred with a 32-month top. That's the low term of 16 months doubled? You will go to veterans court to see if you're eligible for veterans court. [¶] The other cases will be dismissed. There will be a *Harvey*[3] waiver for sentencing and restitution. Were any other promises made to you?" Norton responded in the negative. He pled no contest to the receiving a stolen motor vehicle count and admitted the prior strike offense.

---

[2] All undesignated statutory references are to the Penal Code.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

In March 2024, the trial court denied Norton probation and sentenced him to 32 months in prison.

The following month, the trial court held a hearing to determine Norton's custody credits. Defense counsel asked the court to consider a *Romero* motion. The court declined, stating, "The offer was very clear from the Court. It was 32-month, top/bottom waived, or 32-month top and refer for vet treatment court which he's excluded from, so the sentence, as remains, is 32 months."

## II. DISCUSSION

Norton's primary contention on appeal is that the trial court incorrectly interpreted his plea agreement as providing for a specified prison sentence of 32 months instead of a maximum sentence of 32 months, the latter of which would leave to the court its normal sentencing discretion to determine an appropriate sentence within the maximum. (See *People v. Buttram* (2003) 30 Cal.4th 773, 785 (*Buttram*).) As a result, he argues, the court misunderstood the scope of its sentencing authority when it imposed on him a sentence of 32 months in prison, and thus remand for resentencing is required for the court to exercise its informed discretion. We begin by reviewing the plea agreement de novo to determine the scope of the trial court's sentencing authority under the agreement. (See *People v. Woods* (2017) 12 Cal.App.5th 623, 631 [standard of review for interpretation of plea bargain].)

### A.   *The Plea Agreement Provides for a Maximum Sentence*

At issue here is the meaning of the term "32-month top" in the plea agreement. Norton argues, and the People appear to agree, that this term established a maximum sentence, allowing the trial court to exercise its ordinary discretion to determine whether to impose a lesser sentence. He

contends that because 32 months was the low term of 16 months for the receiving a stolen motor vehicle count, doubled by the prior strike, the court had discretion under the plea agreement to dismiss the prior strike allegation and impose a sentence of 16 months. (See *Buttram, supra*, 30 Cal.4th at p. 785; §§ 496d, subd. (a), 1170.12, subds. (c)(1), (d)(2), 1385.) We agree.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs.' (Civ. Code, § 1638.)" (*Ibid*.) If, on the other hand, the agreement is ambiguous, "it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." (Civ. Code, § 1649.)

The terms of the plea agreement here are clear and explicit as to whether the agreement provides for a maximum sentence instead of a specified sentence. The bargain, according to the plea declaration, was that Norton pleaded no contest to one count of receiving a stolen motor vehicle and admitted a prior strike allegation in exchange for dismissal of other counts, a "32-month top," and a referral to Veteran's Court. The plain meaning of the term "top" shows that the parties intended for 32 months to be the maximum amount of actual time Norton would serve. (See *People v. Tang* (1997) 54 Cal.App.4th 669, 673, 675 [concluding that a plea agreement for a " 'two-year top' " provided for a maximum two-year sentence].) The declaration did not contain a minimum prison term, nor did it bar Norton from making a *Romero* motion. (See *People v. Smith* (1997) 59 Cal.App.4th 46, 51–52 [where plea agreement does not specify a sentence and is silent concerning the defendant's right to file a *Romero* motion, a trial court has discretion to

4

dismiss a strike in the interests of justice].)  And again, at the plea hearing, the trial court asked Norton if he was promised anything other than "this is going to be referred with a 32-month top" and the "other cases will be dismissed," to which Norton responded in the negative.

"When the parties negotiate a *maximum* sentence, they obviously mean something different than if they had bargained for a *specific* or *recommended* sentence.  By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum.  That issue is left to the normal sentencing discretion of the trial court, to be exercised in a separate proceeding."  (*Buttram, supra*, 30 Cal.4th at p. 785.)

Thus, because Norton and the prosecution did not bargain for a specified sentence, the plea agreement left the trial court with its normal sentencing discretion to determine a sentence within the 32-month maximum.  (*Buttram, supra*, 30 Cal.4th at p. 785.)  To hold otherwise would require us to insert into the agreement a specified term of imprisonment, which we cannot do.  (See *Alameda County Flood Control & Water Conservation Dist. v. Department of Water Resources* (2013) 213 Cal.App.4th 1163, 1190 ["It is well settled that extrinsic evidence cannot be used to add a provision to the contract that was omitted by the parties."].)

Therefore, the trial court had discretion under the plea bargain to dismiss Norton's prior strike allegation on its own motion or upon invitation from one of the parties.  (See §§ 1170.12, subd. (d)(2), 1385, subd. (a); *People v. Carmony* (2004) 33 Cal.4th 367, 374.)

## B. *Remand for Resentencing Is Warranted*

Having concluded that the trial court retained its discretion under the plea agreement to dismiss the prior strike conviction, we next consider

5

whether the record indicates that the court misunderstood the scope of its sentencing discretion when it sentenced Norton, and, if so, whether remand for resentencing would be appropriate.

### 1. Additional Facts

After Norton entered his plea of no contest, the trial court ordered him to return "for veterans court" in October 2023. Prior to the hearing, the Veteran's Court team submitted its assessment of Norton's eligibility for the Veteran's Court program, in which it recommended his acceptance to the program given the relationship between his military service and his substance use disorder.

At the October hearing, the trial court released Norton to "Our Common Ground" pending an intake hearing for Veteran's Court. In doing so, the court advised Norton that he was "facing 32 months in prison," and if he "take[s] it seriously, . . . we have room to work with."

In November 2023, the court remanded Norton to the sheriff's custody because he "did not complete Our Common Ground" and was on "Kemp O.R."[4]

---

[4] The parties agree that "Kemp O.R." refers to or is the equivalent of a *Cruz* waiver. In *People v. Cruz* (1988) 44 Cal.3d 1247, our Supreme Court held that a defendant does not forfeit the protections of section 1192.5 governing plea agreements by failing to appear for sentencing under a plea bargain, and thus a defendant must be allowed to withdraw his or her guilty plea should the trial court refuse to adhere to the agreed sentencing terms. (*Cruz*, at p. 1250.) Under a "*Cruz* waiver," a defendant may waive his or her right to withdraw a plea, and may agree to a specified sentence as a sanction for engaging in certain behavior as long as the waiver is part of the plea bargain itself. (*Id.* at p. 1254, fn. 5; *People v. Masloski* (2001) 25 Cal.4th 1212, 1221–1222.) The plea bargain in this case did not include a *Cruz* waiver, nor do the parties argue that the court was allowed to impose a specified sentence as a sanction for Norton's failure to appear at hearings or comply with the terms of his release. Additionally, the record reveals that the "Kemp OR" was for a sentence "up to" 48 months in prison, and not a specified sentence of 32 months.

The court told Norton, "So instead of sentencing you straight to the 32 months, which was the deal, I'm going to re-conference it on December 5th with your attorney and see if—where we go from there."

At the December 5 hearing, the trial court decided to "give [Norton] another chance" and released him to the custody of the Salvation Army but warned him he was "on Kemp OR" facing "up to 48 months in prison." Norton failed to appear at a hearing the following month, and the court issued a bench warrant. The court later set a sentencing hearing for March 5. Neither party filed a sentencing memorandum.

At the March hearing, defense counsel argued that Norton left the Salvation Army "with their permission" but acknowledged that he had relapsed, resulting in a new misdemeanor charge. Counsel requested a continuance, but after Norton repeatedly interrupted the court, the court decided to proceed with sentencing, noting that Norton was "facing up to four years" because he "failed out of" Our Common Ground and "walked away from" the Salvation Army. Without further discussion, the court denied Norton probation and sentenced him to 32 months in prison.

At a subsequent hearing to determine Norton's custody credits, defense counsel noted that "there was a contemplation of *Romero* when [Norton] was referred to veterans court, and that didn't happen," but he "would still like to ask the Court to consider allowing [him] to file a *Romero* motion." (Italics added.) Apparently construing counsel's request as a motion, the court denied the motion, stating, "The offer was very clear from the Court. It was 32-month, top/bottom waived, or 32-month top and refer for vet treatment court which he's excluded from, so the sentence, as remains, is 32 months."

2. Analysis

Relying on the principle that a defendant is entitled to a sentencing decision " ' "made in the exercise of the 'informed discretion' of the sentencing court" ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 424), Norton contends that remand for resentencing is required because the court, in sentencing him, erroneously believed the plea agreement provided for a specified sentence of 32 months, and thus it failed to exercise its informed sentencing discretion to determine whether to dismiss the prior strike offense.

We agree the record suggests the trial court may have misunderstood the scope of its sentencing discretion under the plea agreement. Although we usually presume on a silent record that the court was aware of and followed the applicable law (*People v. Lee* (2017) 16 Cal.App.5th 861, 867), the record in this case is not silent with respect to the court's understanding of its discretion to dismiss the prior strike allegation. In addition to the court's comment at the custody credits hearing that the "offer" was "32-month, top/bottom waived" if Norton was excluded from Veteran's Court, the same trial judge commented prior to sentencing, and after Norton failed to "complete" Our Common Ground, that the "deal" was to sentence him "straight to the 32 months." This is exactly what happened at the sentencing hearing. Together, these circumstances are an "affirmative indication" that the court mistakenly believed the plea agreement provided for a specified sentence of 32 months in the event the court determined that Norton should be excluded from Veteran's Court. (See *People v. Fuhrman* (1997) 16 Cal.4th 930, 944–945.)

The People argue the trial court did not misinterpret the plea agreement, and they appear to suggest that the record instead reflects an understanding between the parties and the court that the court would

consider granting a *Romero* motion if Norton "t[ook] rehabilitating seriously." While that may have been the case, the record is at least ambiguous as to whether the court believed it was *required* to sentence Norton to 32 months in prison if he was excluded from Veteran's Court, especially considering the court's stated reason for denying defense counsel's belated *Romero* motion. (See *People v. Lua* (2017) 10 Cal.App.5th 1004, 1021 [remanding where record was ambiguous: "We do not agree with defendant's argument that the record conclusively establishes that the trial court misunderstood the scope of its discretion to strike one or more of the enhancements, but we do find that some of the trial court's comments during sentencing raise serious doubts in that regard."].)

The People further argue that remand for resentencing is unwarranted because Norton forfeited his claim by not raising the issue at sentencing. Norton concedes his counsel did not object at sentencing or request an opportunity to file a *Romero* motion until the custody credits hearing, but he asserts that his claim is not forfeited because the forfeiture rule does not apply where the court failed to exercise its informed discretion. He further contends that if his claim is forfeited, his counsel was ineffective by failing to challenge the court's interpretation of the plea agreement or timely request dismissal of the prior strike conviction.

Regarding forfeiture, neither party cites authority on point. The cases relied on by the People hold that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356, limited on another ground by *People v. Stowell* (2003) 31 Cal.4th 1107, 1112–1113.) But Norton is not challenging the manner in which the court exercised its discretion or its failure to properly articulate the

reasons for its discretionary sentencing choices. He is arguing instead that the court was in fact uninformed about (and therefore unaware of) the scope of its discretion under the plea agreement. When the trial court misunderstands the law and fails to exercise its discretion, that failure is generally reviewable in the absence of a timely objection, "when [the court's] misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026; see also *People v. Downey* (2000) 82 Cal.App.4th 899, 912.)[5]

The authority cited by Norton concern the trial court's misapprehension about its sentencing *obligations*. (See *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 [no forfeiture where court misunderstood its obligation to consider certain statutory factors in sentencing the defendant]; *In re Sean W.* (2005) 127 Cal.App.4th 1177, 1181–1182 [defendant did not forfeit claim that court "completely failed to exercise its discretion" to set a maximum term of confinement].) In contrast, under sections 1170.12 and 1385, the trial court could dismiss the prior strike offense on its own motion,

_____

[5] The People also contend that Norton forfeited any claim the court exceeded the terms of the plea agreement because the plea declaration he signed advised him of his right under section 1192.5 to withdraw his plea if the trial court withdrew its consent to "any sentence limitation agreement," and he failed to request a change of plea. (See *People v. Walker* (1991) 54 Cal.3d 1013, 1022, superseded by statute on other grounds as stated in *People v. Wilson* (1994) 26 Cal.App.4th 1566, 1570; § 1192.5 [requiring trial court, upon approving plea, to inform defendant that its approval is not binding and that defendant may withdraw the plea if the court withdraws its approval before sentencing].) However, Norton's claim is not that the court withdrew its consent to the plea agreement and imposed a punishment that exceeded the terms of the plea bargain but that the court misinterpreted the agreement as providing for a specified term of imprisonment. Thus, section 1192.5 is not implicated here.

but it had no sua sponte duty to do so.  (See §§ 1170.12, subd. (d)(2), 1385, subd. (a); *People v. Carmony, supra*, 33 Cal.4th at p. 374.)

Nonetheless, we are inclined to find Norton did not forfeit his claim because "a sentencing court believing it had no discretion to strike prior serious or violent felony conviction allegations would not do so on its own motion." (*People v. Sotomayor* (1996) 47 Cal.App.4th 382, 391.)  It cannot be said that a court was acting with " ' "informed discretion" ' " when it failed to recognize its discretion in the first instance.  (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *Sotomayor*, at p. 391 ["in cases where the record actually reflects the sentencing judge misunderstood the scope of her or his discretion" under section 1385, "a motion to strike the prior serious felony conviction allegations in the trial court is not a prerequisite to obtaining reconsideration . . . of a sentence imposed pursuant to section 667"].)

In any event, we have discretion to overlook the forfeiture and decide the matter on the merits.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].)  We would exercise that discretion here to forestall the claim of ineffective assistance of counsel.  (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)  We therefore consider whether remand for resentencing is warranted.

Where a trial court misunderstands the scope of its discretionary powers, "we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez, supra*, 58 Cal.4th at p. 1391; see *People v. Smith, supra*, 59 Cal.App.4th at p. 50 [in case involving plea-based sentence, " 'remand is not required where the trial court's comments indicate that even

if it had authority to strike a prior felony conviction, it would decline to do so' "].) Nothing in the court's imposition of the 32-month sentence demonstrates what it would do if it understood it had discretion to dismiss the prior strike conviction. Although the court sentenced Norton to prison instead of allowing him to proceed with Veteran's Court, it also clearly believed that it could impose a greater prison sentence of four years because Norton was "on Kemp OR," yet it chose not to. Moreover, because the court implicitly denied defense counsel's request for a continuance and summarily sentenced Norton without any input from the parties, the record is not adequate to determine how the court may have weighed the various factors under the guidance set forth in section 1385 if it had been invited to do so.

Accordingly, we will remand the matter for resentencing. At the resentencing hearing, the parties will have the opportunity to provide the court with information and arguments relevant to the court's determination of whether to exercise its discretion to dismiss the prior strike conviction.[6]

## III.   DISPOSITION

The judgment is reversed and the matter remanded for a new sentencing hearing at which the trial court shall exercise its discretion in determining whether to dismiss the prior strike allegation or reimpose the 32-month prison sentence.

---

[6] Given this disposition, we need not address Norton's arguments that the trial court abused its discretion by denying his request at sentencing for a continuance, failing to consider certain mitigating factors, and denying his belated request to file a *Romero* motion. Additionally, Norton has withdrawn his claim that the court erred in calculating his presentence custody credits and the corresponding request for judicial notice.

LANGHORNE WILSON, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A170410
*People v. Norton*

13